RUTH HEROUX *vs.* EVELINA M. HEROUX

NOVEMBER 5, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is an appeal in equity from a decree upon a petition to adjudge the respondent in contempt for her failure to comply with the terms of a final decree, which previously had been entered in the cause after its determination upon the merits.

The bill in equity originally was brought by Ruth Heroux, who is the daughter of Onesime Heroux, deceased, against the respondent Evelina M. Heroux, who is the latter's widow.   It was brought to set aside a certain conveyance of real estate made by Onesime Heroux to the respondent and also to set aside the transfers of certain bank accounts of Onesime Heroux into joint accounts payable to him and the respondent, or the survivor of them.   On the death of Onesime Heroux, the respondent took possession of the funds in these accounts.   The bill alleged, among other grounds for relief, that the above conveyance and transfers were obtained by undue influence exerted upon Onesime Heroux by the respondent.

In the superior court, after hearing upon the merits on bill, answer and evidence, a final decree was entered in accordance with the findings of the justice in equity.   By the terms of this decree, entered January 31, 1936, the respondent individually was ordered to pay to herself in her capacity as executrix under the will of Onesime Heroux the sum of $3276.95, with certain interest therein described, and also to file in the probate court of Woonsocket on or before March 11, 1936, an amended inventory, listing said sum of $3276.95, together with proper interest thereon, as an additional asset of the estate of Onesime Heroux in her hands and possession as such executrix.

Apparently the reason why the decree ordered the respondent individually to pay over the specified sums to herself as executrix and to file an amended inventory in the estate of Onesime Heroux was because the respondent had been appointed executrix of the will of Onesime Heroux

by the probate court of Woonsocket, and the appeal from the decree of that court, allowing the will and appointing the respondent as executrix thereof, was then not finally determined by this court. See *Heroux* v. *Heroux*, 58 R. I. 79, 191 A. 265, for this and other pertinent facts relevant to the case. The respondent, therefore, was still acting as executrix under this will when the final decree in the equity cause was entered.

From this decree no appeal was taken by the respondent. Subsequent to its entry and upon the petition of the complainant, the respondent was cited to appear in the superior court on July 6, 1936, and to show cause why she should not be adjudged in contempt. The respondent appeared in answer to this citation and was represented by counsel. The matter was continued to July 8, when a hearing was held upon the complaint and citation before the same justice who had heard and determined the original bill in equity, and upon whose findings the final decree therein had been entered.

At the conclusion of the testimony, the justice adjudged the respondent in contempt for failing to comply with the court's previous decree and order, and a decree was accordingly entered. From this decree the respondent duly appealed and the cause is before us on this appeal.

The pertinent portion of the decree, after adjudging the respondent in contempt, orders

". . . that said respondent may purge herself of said contempt by payment to Evelina M. Heroux, executrix under the will of Onesime Heroux, of said sum of $3276.95, together with interest thereon computed as in said decree provided, on or before September 10th, 1936 . . .

"It is further ordered, adjudged and decreed that if said respondent, Evelina M. Heroux, shall on said September 10th, 1936, have failed to purge herself of contempt as hereinbefore provided, attachment against her body shall issue and she shall stand committed to

the Providence County jail until she shall have purged herself of contempt by compliance with the order of this Court hereinbefore made, or shall be otherwise discharged by order of this Court."

The present appeal brings before us only the decree which was entered on the petition to adjudge the respondent in contempt. The merits of the cause and the final decree therein are deemed to be concluded, in the absence of any proper appeal therefrom. See *McAuslan* v. *McAuslan*, 34 R. I. 462.

The evidence at the hearing established that the respondent had failed to comply in any way with the terms of a proper final decree and order of the superior court. In fact, her testimony frankly admitted her failure but sought to explain it upon her inability to pay the designated sums. Assuming, without deciding, that she was unable to pay over to the estate of Onesime Heroux the amount specified in the decree because she had spent it all, as testified, that was no excuse for her failure to file the amended inventory, charging herself as executrix with these amounts as ordered.

Her explanation that she had spent the money, and that, if she were to file an amended inventory, it would admit that she then had this money, thus contradicting her testimony in the equity case, is insufficient. She was still the executrix, and the amended inventory would merely show that she was charging herself as such executrix with that amount of money to be accounted for in accordance with law.

Her testimony and her inability to pay over the amounts of money as ordered may well raise questions whose sufficiency may be considered in another way, but they do not absolve the respondent from performing a proper order of court which she obviously was able to do, at least substantially as above indicated.

Upon the record, as it appears before us, we do not see how the justice in the superior court could have entered any decree without adjudging the respondent in contempt.

We are of the opinion, therefore, that the decree is clearly supported by the evidence.

The transcript indicates a willingness on the part of the respondent to purge herself of contempt. Her counsel, before us, pointed out that she eventually would be entitled to receive at least one half of the personal property of the estate of Onesime Heroux, and that injunctions or attachments on behalf of the complainant had prevented the use of certain real estate to raise funds with which substantially to carry out the orders of the court, and thus to avoid any drastic punishment for her contempt. These suggestions are proper to be made to the trial justice. We are confident not only that he will give these considerations the weight which they deserve, but also that counsel for the complainant will cooperate reasonably in assisting the respondent to carry out her willingness to purge herself of contempt.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Walling & Walling,* for complainant.

*Charles B. Coppen, Emile H. Ruch,* for respondent.